ORIGINAL

**FILED**

NOV 1 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

#15494-074

~~IN~~ RE: RAYMOND COX,       )   No.
Po B15ol60     Petitioner. )
USP Atlanta
Atlanta, GA.  VS           )
30315
Alberto Gonzalez

CASE NUMBER   1:06CV01948

JUDGE: Henry H. Kennedy

DECK TYPE: Habeas Corpus/2255
13
DATE STAMP: 11/13/2006

---

### EMERGENCY VERIFIED PETITION FOR WRIT
### OF HABEAS CORPUS

---

Now comes Raymond Cox in propria persona and petitions the Honorable Court

pursuant to 28 U.S.C. §2241, et seq. for issuance of a Writ of Habeas Corpus

to the United States Attorney General.

As grounds therefor, Petitioner shows as follows:

### 1.
### JURISDICTION/VENUE

Petitioner verily avers that he "is in custody in violation of the

Constitution or laws or treaties of the United States," 28 U.S.C.

§2241(c)(3), and is presently held by authority of the United States Attorney

General through the Department of Justice, Federal Bureau of Prisons at

Atlanta, Georgia.

Petitioner further avers that the Honorable Court has unfettered

jurisdiction over the Respondent named hereinbelow.

Venue lies with both the Honorable Court and the U.S. District Court,

Northern District of Georgia.  However, Petitioner verily avers that pursuit

of the instant petition from the latter court will subject Petitioner to

irreparable injury, whereas that court has demonstrably shown that it does not recognize the dictates of 28 U.S.C. §2243 ¶2, and had previously deprived Petitioner of the privilege of the writ by ignoring ¶2 for well in excess of one-year.[1]

As will be shown in the appropriate section below, Petitioner maintains that he has fully served the maximum statutory sentence allowed for his crime and is being unlawfully held under pretense of a judgement which has been proven to the trial court to be in violation of the Constitution and laws of the United States. The privilege of the Writ is a "great constitutional privilege," Ex parte Bollman and Swartwout, 4 Cranch 75, 95, 2 L.Ed. 554, "affording . . . a swift and imperative remedy in all cases of illegal restraint or confinement." Fay v. Noia, 372 U.S. 391, citing, 3 Blackstone Commentaries 129. Each day that Petitioner is wrongly imprisoned, simply because a particular District Court maintains a practice which forgets that, with respect to the privilege of the writ, "there is no higher duty than to maintain it unimpaired," Bowen v. Johnston, 1939, 306 U.S. 19, 26, 59 S.Ct. 442, 446, 83 L.Ed. 455, causes irreparable harm to Petitioner.

For the reasons stated, Petitioner respectfully requests this Honorable Court find that Venue is proper with the Court.

## II.
### PARTIES

Petitioner is a resident of the state of Tennessee and has been in continuous Federal custody since March 11, 1997. Petitioner is presently being held at

---

[1] Petitioner filed under 28 U.S.C. §2241 for unlawful deprivation of Good Conduct Time and had to repeatedly seek mandamus relief to compel any and all action taken by the court over the course of more than one-year. See Cox v. Maldonado, 1:04-CV-2237-ODE-JMF, U.S.D.C., N.D. GA.

(2)

the United States Penitentiary at Atlanta, Georgia.

Respondent, Alberto Gonzales, is a U.S. citizen holding the Office of U.S. Attorney General.  Petitioner was delivered into the custody of the U.S. Attorney General on or about September 25, 1997.

### III.
### PROCEDURAL HISTORY

Petitioner was indicted in 1996 in the U.S. District Court, E.D. TENN and held to answer the charge of a violation of 18 U.S.C. §922(g)(1).  U.S. v. Cox, 1:96-CR-82.  Petitioner pled guilty to a one-count indictment and was then sentenced under the onerous provisions of the Armed Career Criminal Act ("ACCA") based on the Government's claim that Petitioner had (3) three qualifiying prior convictions for burglary.  Petitioner was sentenced to 235 months imprisonment and 3-years of Supervised Release.

Petitioner appealed to the Sixth Circuit U.S. Court of Appeals challenging, inter alia, the finding that he had three qualifying burglaries. Petitioner's sentence was affirmed by the Sixth Circuit in 1999 by unpublished per curriam opinion.

Petitioner filed for certiorari with the U.S. Supreme Court and the same was denied without opinion.

Petitioner thereafter filed a timely motion pursuant to 28 U.S.C. §2255 and the same was denied by Memorandum Opinion on May 3, 2002.  U.S. v. Cox, 1:00-CV-176.  Petitioner then filed an application for COA with the Sixth Circuit and COA was denied on May 6, 2003.

On August 25, 2005, Petitioner filed a Rule 60(b) Motion in the U.S. District Court, E.D. TENN and that court has taken no action upon the same.

## IV.
### FACTS

A very broad outline of the facts will be set forth in this section.
Additional facts necessary for discussion of the grounds for relief will be
set forth in the appropriate section for arguments hereinbelow.

1.    The government claimed at sentencing that Petitioner ("Cox" hereinafter)
was an Armed Career Criminal because Cox had three prior burglary
convictions.

2.    Cox was previously convicted of three burglaries in the state of
Tennessee; a state having burglary statutes which the government conceded
were broader than the burglary definition enunciated in Taylor v. United
States, 495 U.S. 575 (1990).  Thus, Cox objected to the use of Cases 2330 and
2569.

3.    The sentencing court then accepted into evidence the alleged charging
instruments and the Judgements from Marion County Cases 2330 and 2569.  Case
2330 was brought by an unlawful "Information,"[2] and it charged a generic
burglary.  However, the alleged Judgement in Case 2330 fails on its face to
make a pronouncement of a finding of guilt.  Case 2569 was brought by
Indictment which again charged a generic burglary.  However, the Judgement in
that case fails on its face to specify which of the four separate and
distinct burglary statutes is the purported crime of conviction.

---

[2]    Tennessee law expressly precludes felony prosecution by Information except
by waiver of a defendant.  Cox maintains that no waiver was obtained. Art. 1,
§14 Tennessee Constitution.  See also, Howard v. State, 143 Tenn. 539, 227
S.W. 36 (1920).

5.  The trial court then made a finding that, because the Indictment in Case 2569 charged a generic burglary and the Judgement failed to cite any statute concerning the crime of conviction, it was reasonable to conclude the conviction was for the crime defined by the Indictment and 2569 was a qualifying conviction.

6.  Defense counsel, against Cox's objections, (1): refused to obtain and investigate the guilty plea transcripts in any of the prior convictions; (2): refused to offer the colloquy from 2569 as evidence that Cox pled to a crime other than that charged; and (3): conceded that 2330 was a qualifying conviction despite the alleged Judgement's failure to pronounce a finding of guilt.

7.  Appellate counsel made no attempt to raise as issues on appeal either the null and void Judgement in 2330 or the error in not considering the 2569 guilty plea colloquy to resolve the question as to what was the crime of conviction, and Cox's sentence was affirmed without consideration of valuable evidence which proves neither 2330 nor 2569 are prior qualifying convictions.

8.  In his timely §2255 Motion, Cox raised the claim that he was deprived of effective representation of counsel due to the fact that defense counsel refused to obtain and offer into evidence a copy of the transcript of the guilty plea colloquy from Case 2569, id. at 29, and that he was prejudiced by this inaction.  Id. at 32.

9.  The §2255 court denied this claim on the merits with a ruling that the transcript in question was inadmissable for the purposes intended by Cox and that counsel's failure to produce it was therefor not deficient.  Memorandum of May 3, 2002, at 11.

10. The Sixth Circuit denied Cox's COA application without opinion on the correctness of that ruling, irrespective of Cox's proof that it was clear error in light of United States v. Maness, 23 F.3d 1006, 1007-10 (6th Cir. 1994). Application for COA, at 20-23.

11. The U.S. Supreme Court made it clear that before, during and since Cox's sentencing a transcript of a guilty plea colloquy between a judge and defendant was and is admissible evidence for a "categorical approach" analysis. Shepard v. United States, No. 03-9168 (U.S. March 7, 2005).

12. As a matter of law Cox was entitled to place into evidence the 2569 guilty plea colloquy transcript as proof that he did not plead to, nor was found guilty of, the crime charged in the Indictment, and the §2255 court erred egregiously in ruling it inadmissible. Because it was admissible evidence, the finding concerning counsel's performance not being deficient was also erroneous.

13. Mr. Cox was subject to a statutory maximum sentence of 10-years under 18 U.S.C. §922(g)(1) and but for the erroneous procedural ruling that the 2569 guilty plea colloquy transcript was inadmissible--which also led to the erroneous finding that defense counsel was effective, he would now have fully served the maximum possible penalty for his crime and would be free.

14. The same may be said for the 2330 "failure to pronounce guilt" issue if, in fact, appointed defense counsel or appointed appellate counsel had raised the claim; or had the §2255 court actually ruled on the merits of the claim when Cox raised it in his 28 U.S.C. §2255 Motion.[3]

---

[3] Cox raised the claim. See Docket Entry 14; Supplement w/Exh. A and B. Yet the May 3, 2002 Memorandum makes no mention of the same.

15. Mr. Cox has been in continuous Federal custody since March 11, 1997, which to date is 9-years and 6-months. During the same period of time he has earned more than 450-days of "Good Conduct" sentence reduction credits. This gives Mr. Cox a total of 10-years and 10-months service, or 10-months beyond the penalty authorized by the Constitution and laws of the United States.

16. The trial and §2255 courts have had for years irrefutable proof that Mr. Cox is actually innocent of the ACCA conviction and refuses to rectify the miscarriage of justice. Whereas Mr. Cox has exhausted all available remedies, and the §2255 court will not rule on the Rule 60(b) Motion before it, he has no plain or speedier remedy than the instant petition for the Great Writ.

## V.
### INTRODUCTORY STATEMENT OF GROUNDS WARRANTING HABEAS CORPUS

1. Cox was unlawfully convicted under the ACAA, where the trial and habeas courts did not permit evidence that proves Cox did not plead guilty to, nor was convicted of the crime charged in Case 2569.

2. Cox was unlawfully convicted under the ACCA, where the trial court found an alleged judgement in Case 2330 to constitute a judgement of conviction when: 1) the document fails on its face to make a pronouncement of a finding of guilt; and 2) the document was a legal nullity under Tennessee law for lack of a waiver required by the Tennessee Constitution. Article 1, Section 14.

3. Cox was unconstitutionally deprived of effective representation at the sentencing and appellate stages of the procceedings held.

4. Cox is actually innocent of the ACCA conviction and his imprisonment constitutes a miscarriage of justice, causing irreparable injury to Cox.

(7)

**ARGUMENTS**

1.

**A. Marion County Case 2569 was not a qualifying prior conviction under the ACCA and Cox was unlawfully sentenced above the maximum penalty of 18 U.S.C. §922(g)(1).**

As the guilty plea colloquy transcript in Case 2569 demonstrates, Cox did not plead guilty to the crime as charged but rather, pled guilty to a subsection of T.C.A. §39-14-402 that is broader than Taylor's definition of "generic burglary."

More particularly, Cox pled guilty to the crime of entering a building open to the public without intent to commit a crime therein. T.C.A. §39-14-402(a)(3).

Both the State's description of the crime and its factual basis for the guilty plea distinguish Cox's crime from that charged by omitting the language of "not open to the public" and any allegation that entry was made "with the intent to commit a theft or assault therein." The facts of the case show that Cox entered a laundramat open to the public on a 24-hour-a-day basis for entirely lawful purposes and only after discovering a checkbook left unattended took the same with him upon leaving.

The language "not open to the public" is a term of art utilized by the Tennessee legislature that, in conjunction with §39-14-402(a)(3)'s omission of the element of "entry with intent," is meant to distinguish 39-14-402(a)(3) as a lesser crime than 39-14-402(a)(1).

Both Taylor and Shepard "read the listing of 'burglary' as a predicate "violent felony" (in the ACCA) to refer to what [they] called "generic burglary," an "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime."" Shepard (quoting

(8)

Taylor, 495 U.S. at 599).

Cox has shown from the outset that, under the law of the land, it is an affirmative defense to burglary where the building or structure is open to the public. See Taylor, 495 U.S. at n. 8 . And there can be no dispute but that T.C.A. §39-14-402(a)(3) permits a conviction for burglary of a building or structure open to the public. The Government has correctly conceded that T.C.A. §39-14-402(a)(3) is broader than the definition enunciated in Taylor and, thus, does not qualify under the ACCA.

Irrespective of the standard of proof used, the evidence of the guilty plea colloquy proves Cox assented to absolutely nothing that would have allowed the state judge to make an explicit factual finding that Cox committed the crime defined at §39-14-402(a)(1), and the disputed facts essential to increase Cox's sentence under the ACCA are so far removed from the conclusive significance of a prior judicial record and too much like the findings subject to Jones, and Apprendi, to say that Almendarez-Torres authorizes a judge to resolve the dispute.

Put another way, the Government has never alluded to any evidence, other than a judgement that fails on its face to state with any certainty the crime of conviction, that Cox entered a building or structure not open to the public with intent to commit a crime therein, and outside of the facts admitted by Cox in the 2569 guilty plea colloquy, the sentencing court can consider no evidence without occasioning Cox's rights under the Fifth and Sixth Amendments. See, e.g., Shepard v. United States, No. 03-9168 (U.S. March 7, 2005).

The Sixth Circuit affirmed Cox's sentence without consideration of the guilty plea colloquy transcript evidence and arguments offered after direct appeal.

(9)

B.  The reasoning of <u>Jones v. United States</u>, 526 U.S. 227, 243, n.6 (1999) and <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000) was anticipated in <u>Taylor</u> in such a way that the Government and the district court had reasonable notice that, in pleaded cases, the only certainty of a generic finding lies in the defendant's own admissions or accepted findings of fact confirming the factual basis for a valid plea, and that second-guessing guilt or innocence as to conduct not admitted or confirmed by a factual basis in a prior valid plea could occasion the Fifth and Sixth Amendments.

As the <u>Shepard</u> Court stated, the <u>Taylor</u> Court was prescient in its discussion of problems that would follow from allowing a broader evidentiary enquiry:

> "If the sentencing court were to conclude, from its own review of the record, that the defendant [who was convicted under a nongeneric burglary statute] actually committed a generic burglary, could the defendant challenge this conclusion as abridging his right to a jury trial?"

<u>Shepard</u>, supra, quoting <u>Taylor</u>, at 601.

Later still, <u>Shepard</u> made clear that the <u>Taylor</u> Court ". . . thus anticipated the very rule later imposed for the sake of preserving the Sixth Amendment right, that any fact, other than a prior conviction sufficient to raise the limit of the possible federal sentence must be found by a jury, in the absence of any waiver of rights by the defendant." <u>Id</u>.

The instant case, as with <u>Shepard</u>, called Cox's Sixth Amendment jury trial right into question because "what the state court . . . has been 'required to find'" is debatable.  In a nongeneric State like Tennessee, the fact necessary to show a generic crime is not established by the record of conviction as it would be in a generic state when a judicial finding of a

disputed prior conviction is made on the authority of Almendarez-Torres v. United States, 523 U.S. 224 (1998). T.C.A. §39-14-402 requires no finding of generic burglary. While the charging document may narrow the "charge" to generic limits, it did little to limit the possibility of a lesser plea. As to certainty of the generic finding (in a pleaded case), only the defendant's own admissions and accepted finding of fact confirming the factual basis for a valid plea are sufficient to satisfy the rule anticipated by Taylor, and later imposed in Apprendi. In this particular case, all of the evidence supports the finding that Cox never admitted the generic elements of T.C.A. §39-14-402(a)(1), but instead pled guilty to entering an open business for lawful purposes without intent to commit a crime therein, as that crime is defined at T.C.A. §39-14-402(a)(3).

While the disputed fact here can be described as a fact "about" a prior conviction, it is too far removed from the conclusive significance of a prior judicial record, and too much like the findings subject to Jones and Apprendi, to say that Almendarez-Torres authorizes a judge to resolve the dispute.

The sentencing and post-conviction courts in this case clearly abridged Cox's Fifth and Sixth Amendment rights by concluding that the 2569 indictment and judgement proved Cox had pled guilty to a qualifying crime, when the factual basis for his plea contradicts that concludion by clear and compelling evidence; and by disallowing the guilty plea colloquy transcript as evidence for the purposes validated by Shepard.

Cox maintains that such was plain error, in light of Taylor's warning and the holding in United States v. Maness, 23 F.3d 1006, 1007-10 (6th Cir. 1994).

2.  **Marion County Case 2330 does not qualify as a prior predicate
    conviction under the ACCA because there is no judgement of guilt.**

As the certified copy of the purported 2330 judgement unequivocally
proves, see Supplement w/Exhibits A and B; Docket Sheet Entry No. 14; 28
U.S.C. §2255 Motion, U.S. v. Cox, Case No. 1:00-CV-176, incorporated herein
by reference thereto, F.R.Civ.P. 10(c), no pronouncement of a finding of
guilt has ever been made and the document in question is null and void as a
matter of law and fact for not only that reason, but also because there is no
waiver in the 2330 record by defendant that would have allowed the State to
bring a felony prosecution against Cox via an Information.  See Howard v.
State, 143 Tenn. 539, 227 S.W. 36 (1920).

Cox avers that the Tennessee Constitution precludes felony prosecutions
by Information except by waiver of a defendant.  Absent evidence in the 2330
record that Cox executed such a waiver that purported judgement would be
insufficient to constitute a conviction under Tennessee law since 2330 was
brought by Information.  And the question of what constitutes a conviction
for purposes of the "having been previously convicted" language of 18 U.S.C.
§922(g)(1) must be governed by Tennessee law.  No evidence was before the
sentencing and post-conviction courts that Cox executed a waiver as required
by law in the 2330 case.

3.

A.  **Cox was unconstitutionally deprived of effective assistance of
    counsel at sentencing and on direct appeal.**

Original defense counsel had a duty to Cox to explore all avenues of his
case leading to facts relevant to guilt or innocence, or the degrees thereof,
or those relevant to the penalty.  This premise is too plain to be contested.

(12)

At the time of Cox's sentencing, defense counsel was well aware of the Government's intention to seek an ACCA-enhanced sentence against Cox based on three alleged prior convictions. Defense counsel was also aware of the fact that guilty pleas could establish ACCA predicate offenses and that Taylor's reasoning controlled the identification of generic convictions following pleas in states with nongeneric offenses. It only follows then that counsel owed a duty to Cox to investigate and obtain the records from the prior conviction courts because the Federal sentencing court, following Taylor, would refer to the charging documents or recorded judicial acts of the conviction courts limiting convictions to the generic category. Whereas the Taylor Court did not purport to limit adequate judicial record evidence strictly to charges and instructions, id. at 602 (discussing the use of these documents as an "example"), since a conviction might follow a guilty plea where the closest analog would be the statement of factual basis for the charge, shown by a transcript of plea colloquy or by written plea agreement presented to the court, or by a record of comparable findings of fact adopted by the defgendant upon entering the plea, it was incumbant upon defense counsel to thoroughly examine the guilty plea colloquy in Cox's cases. Especially with Case 2569, since counsel himself pointed out the obvious fact that the judgement in that case--referencing a nongeneric statute--did not on its face identify which subsection of T.C.A. §39-14-402 was the crime of conviction. See, Sentencing Transcript at 13 (counsel arguing uncertainty of crime of conviction due to omission of particular subsection).

As the Shepard Court acknowledges, "With such material in a pleaded case, a later court could generally tell whether the plea had "necessarily" rested on the fact identifying the burglary as generic, Taylor, at 602, just

(13)

as the details of instructions could support that conclusion in the jury case, or the details of a generically limiting charging document would do in any sort of case."

Rather than even obtain and read the transcripts of guilty plea colloquy in Cox's three alleged prior burglary convictions, defense counsel ignored Cox's requests that he do so, and when invited by the sentencing court to offer evidence on the point of Case 2569's vagueness, simply stated: "We have nothing on the judgement, your Honor." Transcript at 17.

Defense counsel's argument at sentencing that the 2569 judgement was undeniably vague conclusively proves he was aware of the need to resolve that uncertainty. And Strickland[4] makes clear that the alleged deficient performance must be judged as of the time of the conduct. Thus, and because United States v. Maness, 23 F.3d 1006 (6th Cir. 1994) (holding that guilty plea transcripts were admissible under Taylor's "categorical approach") was decided years earlier,[5] defense counsel rendered deficient performance by: first, failing to investigate the guilty plea colloquy in Case 2569 to determine if it could resolve the judgement's vagueness, and second, not offering the same into evidence, because it does prove Cox pled guilty to a subsection of T.C.A. §39-14-402 other than the subsection charged. More specifically, the "factual basis" recited by the State prosecutor to the 2569 court in the guilty plea colloquy omits any and all reference to the elements of: 1) entry of "a building . . . not open to the public"; and 2) "with intent to commit a felony or theft," and the "factual basis" summarized the

---

[4]  466 U.S. 668 (1984).

[5]  The Shepard Court validates the holding in Maness. Id. at n.3.

state's evidence as follows:

> ". . . if this matter was tried the State would call as
> witnesses . . . They would testify . . . Mr. Cox did
> enter the habitation of another person, and that being a
> business building . . . without . . . effective consent
> and therein did commit the offense of theft. . . ."

Id. at 10.

The guilty plea colloquy transcript in 2569 thus proves that neither the
State's description of the crime nor its summary of the evidence would
constitute an offense under T.C.A. §39-14-402(a)(1), because the language:
"not open to the public"--as defense counsel correctly averred to be a term
of art of the Tennessee Legislature to distinguish subsection (3) from
subsection (1)--and the element of "entry with intent" necessarily have to be
found or admitted before there is a basis upon which to conclude that crime
has occurred, and both are absent in this case.

The 2569 guilty plea colloquy transcript therefore would have proved Cox
pled guilty to T.C.A. §39-14-402(a)(3) instead of the crime charged, but for
counsel's failure to investigate and offer the same into evidence.  Rather
than offer any explanation for that failure, counsel simply argued that it
was possible Cox pled to something lesser than was charged and that was what
he was "claiming happened in this case," Transcript at 13, though he didn't
"have any proof of that." Ibid.

Because Shepard and Maness make clear that the 2569 guilty plea colloquy
transcript, both then and now, was/is admissible for purposes of Taylor's
categorical approach analysis, and the same demonstrates Cox has been wrongly
sentenced under the ACCA, the district court erred in its ruling that Cox was
not provided ineffective assistance of counsel; a ruling expressly premised
upon a claim that the 2569 guilty plea colloquy transcript was inadmissible.

**B.**    Next, Cox argues that he was denied effective assistance of counsel at
sentencing and on direct appeal, since both attorneys failed to raise an
objection to the Government's use of the alleged judgement in Marion County
Case 2330 as a prior conviction, nor objected to the sentencing court's
finding that that judgement constituted a prior conviction, despite the
undeniable facts that the alleged judgement failed on its face to make a
pronouncement of guilt and failed to include the Constitutionally required
waiver of Cox to be prosecuted by Information on a felony charge.  Art. 1,
Sec. 14, Tennessee Constitution.  Howard v. State, 143 Tenn. 539, 227 S.W. 36
(1920).

Cox timely raised this claim in his §2255 Motion.  See, Supplement
w/Exhibits A and B; Docket Entry No. 14, incorporated herein by reference
thereto. F.R.Civ.P. 10(c).

The district court's May 3, 2002, Memorandum Opinion denying relief
nowhere addresses the merits of the claim. Id.

Even under a preponderance of the evidence standard,[6] there was no basis
upon which the sentencing court could lawfully deduce that the document
introduced by the Government constituted a judgement of conviction under
Tennessee law when that very document did not pronounce a finding of guilt
and was also not accompanied by the constitutionally required waiver from Cox
to be prosecuted by an Information.

Both trial and appellate counsels were afforded the opportunity to view
the alleged 2330 judgement and even the most cursory glance should have been
sufficient notice and knowledge that the same was a legal nullity under
Tennessee law for the reasons set forth herein above.

--------

[6]    See discussion, infra at 22-27.

(16)

Quite clearly, both counsel failed to perform even the most rudimentary duty of verifying that the alleged judgement was what the Government claimed it to be, and there is no room for argument that their performance in this regard was anything less than an absolute failure to adversarially test the accusation that Case 2330 was a prior conviction.

Cox was unquestionably prejudiced by the inaction of counsels because he was unlawfully sentenced under the ACCA upon the falsehood that Case 2330 constituted a prior conviction under Tennessee law.

## VI.
### STATEMENT OF APPROPRIATENESS OF HABEAS CORPUS RELIEF

Cox would show that the remedy of a successive §2255 Motion could be pursued in this case under the "actual innocence" exception to the bar, but only with respect to the claim that he is innocent of the ACCA conviction. However, the successive §2255 remedy is not appropriate in this case for reasons other than it would foreclose upon Cox's ability to prosecute the ineffective assistance of counsel claims articulated hereinabove.

As Cox's petition subjudice shows, Cox has made attack upon numerous issues that were wrongly decided in his initial §2255 Motion due to a procedural ruling that his guilty plea colloquy transcripts were inadmissible as evidence, or issues that the record proves were not decided on the merits. Even the merits decision on Cox's ineffective assistance of counsel claims turned on that same erroneous procedural ruling.

Thus, Cox is attacking the integrity of the §2255 proceedings and not seeking a second or successive ruling upon the merits of any claim.

The Court, in Gonzales v. Crosby, U.S. No. 04-6432 (June 23, 2005) makes clear that it is entirely appropriate for Cox to proceed under Rule 60(b) to

(17)

vacate the judgement of the §2255 court, and Cox has done so. Nonetheless, that court has taken no action within the last (13) months to rectify the miscarriage of justice it is responsible for in the first instance, and Cox has remained imprisoned 10 months beyond the maximum penalty authorized for his actual crime under 18 U.S.C. §922(g)(1).

Cox posits that the §2255 court does not wish to vacate its judgement because Cox would prevail on the merits under the current legal landscape and leave the United States susceptible to a false imprisonment claim now that Cox has been imprisoned beyond the maximum penalty otherwise authorized for his crime.

Habeas corpus has been utilized by the judiciary as its fundamental instrument for "lifting undue restraints upon personal liberty," Price v. Johnston, 334 U.S. 266, 269, 68 S.Ct. 1049, 1052, 92 L.Ed. 1356 (1948), and the continued unlawful imprisonment of Cox certainly constitutes "undue restraint" upon his liberty. Habeas corpus is also utilized to safeguard "individual freedom against arbitrary and lawless . . . action," Harris v. Nelson, 394 U.S. 286, 290-91, 89 S.Ct. 1082, 1086, 22 L.Ed.2d 281 (1969), and the actions of the sentencing court, in refusing to adhere to the law of the land; and the actions of the §2255 court, in refusing to rectify a miscarriage of justice by vacating a clearly erroneous judgement, certainly amount to arbitrary and lawless action.

Cox avers that Article 1, Section 9, Clause 2 of the Constitution imposes a duty upon the Honorable Court to maintain Cox's right to the Writ unimpaired, Bowen v. Johnston, 1939, 306 U.S. 19, 26, 59 S.Ct. 442, 446, 83 L.Ed. 455, and unsuspended, save only in the cases specified in the Constitution. Smith v. Bennett, 365 U.S. 708, 713, 81 S.Ct. 895, 898, 6 L.Ed.2d 39.

## VII.
### STATEMENT OF APPROPRIATE STANDARD OF REVIEW

Cox avers that the doctrine of avoidance of constitutional doubt requires the Honorable Court to demand that sentence enhancements be proved beyond a reasonable doubt.

Cox reiterates his arguments from earlier proceedings that the findings that Marion County Cases 2330 and 2569 are prior predicate convictions under the ACAA should be made under a beyond-a-reasonable-doubt standard of proof. The Sentencing Commission (pre-Booker) stated in its commentary to U.S.S.G. §6A1.3 that it "believes that the use of a preponderance of the evidence standard is appropriate to meet due process requirements and policy concerns . . ." But as Justice Thomas points out in hgis dissent in Booker, "the Court's holding today corrects this mistaken belief. The Fifth Amendment requires proof beyond a reasonable doubt, not by a preponderance of the evidence, of any fact that increases the sentence beyond what could have been lawfully imposed on the basis of facts found by the jury or admitted by the defendant." Booker, 125 S.Ct. at 798, n.6 (Thomas, J. dissenting). The preponderance standard has no statutory basis, and particularly where the attempts to raise the guideline range through uncharged conduct (as it did with Cox), it can be argued that the potential Fifth Amendment concerns are best avoided by requiring proof beyond a reasonable doubt. Cf. Jones v. United States, 526 U.S. 227, 229 (1999) (interpreting federal carjacking statute "in light of the rule that any interpretive uncertainty should be resolved to avoid serious questions about the statute's constitutionality"). As if to answer the questions posed in Cox's case, the Supreme Court decided Shepard v. United States.

(19)

In Shepard v. United States, No. 03-9168 (U.S. March 7, 2005), the
Supreme Court (by Justice Souter for a 5 Justice majority) ruled that in
determining whether a prior conviction qualified as a predicate felony for
the Armed Career Criminal Act, 18 U.S.C. §924(e), when the statute of
conviction is sufficiently broad to include both qualifying and nonqualifying
offenses, a sentencing court "is generally limited to examining the statutory
definition, charging document, written plea agreement, transcript of plea
colloquy, and any explicit factual finding by the trial judge to which the
defendant assented." Although the holding of the case is important in itself
to Cox's matter, it is the decision's ramification for the continuing
vialbility of the "prior conviction" exception to the Apprendi rule that
supports Cox's argument that neither Case 2330 nor 2569 should have been used
to enhance his sentence because neither were proved to a jury nor a judge
beyond a reasonable doubt.

The Cout, holding as a matter of statutory interpretation and in light
of its prior decision in Taylor v. United States, 495 U.S. 575 (1990), ruled
that, where the alleged prior conviction resulted from a guilty plea, a court
"is limited to [examining] the terms of the charging document, the terms of a
plea agreement or transcript of colloquy between judges and defendant in
which the factual basis for the plea was confirmed by the defendant, or to
some comparable judicial record of this information." Op at 12. The
sentencing court in Cox's case looked at only the indictment and a judgement
that failed to specify the crime of conviction, and the post-conviction court
refused to consider the transcript of colloquy.

As noted, an interesting aspect of the case is the viability of the
"prior conviction" exception to the Apprendi rule, established in

Almendarez-Torres v. United States, 523 U.S. 224 (1998)--a case postdating
Cox's sentencing.  Concerning this point, the majority comes very close, but
does not overrule Almendarez-Torres.  Thus, after rejecting the Government's
position through statutory interpretation and a close analysis of Taylor,
Justice Souter tantalizingly writies that "[d]evelopments in the law since
Taylor . . . provide a further reason to adhere to the demanding requirement
that any sentence under the ACCA rest on a showing that a prior conviction
'necessarily' involved . . . facts equating to generic burglary." Op. at 10.
Those "developments," of course, refer to the Court's Sixth Amendment
jurispudence as evidenced in Jones and Apprendi.  Op. at 10.  Because a
"sentencing judge considering the ACCA enhancement would (on the Government's
view) make a disputed finding of fact about what the defendant and State
judge must have understood as the factual basis of the prior plea, the
dispute raises the concerns underlying Jones and Apprendi." Op. at 11.  In
such a situation, Justice Souter wrote, Almendarez-Torres does not help the
Government: "While the disputed fact here can be described as a fact about a
prior conviction, it is too far removed from the conclusive significance of a
prior judicial record, and too much like the findings subject to Jones and
Apprendi, to say Almendarez-Torres clearly authorizes a judge to resolve the
dispute." Id.  Relying on "[t]he rule of reading statutes to avoid risks of
unconstitutionality," the majority concludes that this rule "counsels us to
limit the scope of judicial factfinding on the disputed character of a prior
plea." Op. at 11-12.

     After Shepard, therefore, the most that one can say is that a majority
of the Supreme Court has a "serious constitutional doubt" about the
continuing viability of Almendarez-Torres.  Justice Thomas goes further in

his concurrence, writing that "Sixth Amendment jurispudence, and a majority of the Court now recognizes that Almarez-Torres was wrongly decided. See, 523 U.S., at 248-49 (Scalia, J. joined by Stevens, Souter and Ginsberg, JJ., dissenting). The parties do not request it here, but in an appropriate case, this Court should consider Almendarez-Torres's continuing viability. Innumerable criminal defendants have been unconstitutionally sentenced under the flawed rule of Almendarez-Torres, despite the fundamental "imperative that the Court maintain absolute fidelity to the protections of the individual afforded by the notice, trial by jury, and beyond-a-reasonable doubt requirements." Harris v. United States, 536 U.S. 545, 581-82 (2002) (Thomas, J., dissenting). Concurrence at 2. A footnote in Justice Souter's majority opinion also enhances the anti-Almendarez-Torres flavor. See, Op. at 12, n.5.

What then, may be said of the sentencing court's approach in Cox's case, at a time antedating Almendarez-Torres? Surely, the Honorable Court has serious concerns about the sentencing court sentencing Cox to 115 months above and beyond the statutory maximum of 18 U.S.C. §922(g)(1) based on the conclusion alone:

> **". . . although the judgement in the case does not specifically elaborate on exactly what the defendant was convicted of, it does have the case number as the indictment, and the block of "Indictment" is checked off. So I think there is at least more than a reasonable inference that what the defendant was charged with in the indictment is the same offense for which he was convicted."**

Sentencing transcript at 16.

Cox respectfully argues that the forgoing conclusion is nothing less than appalling in the face of the Fifth and Sixth Amendments. This is especially true where the 2569guilty plea colloquy transcript--heretofore

(22)

held inadmissible as evidence for purposes that Taylor, Maness and Shepard clearly sanction--unequivocally proves Cox never assented to either of the two requisite elements of generic burglary enunciated in Taylor and found in T.C.A. §39-14-402(a)(1) and (a)(2).

### CONCLUSION

While he is guilty of the underlying offense of 18 U.S.C. §922(g)(1), Cox is innocent of the conduct necessary to be found guilty and sentenced under the more onerous provisions of 18 U.S.C. §924(e)(1). Cf. United States v. Pittman, 120 F.Supp.2d 1263, 1270 n.9 (D.Or. 2000) ("[A] defendant may be 'actually innocent' of a sentencing enhancement while guilty of the underlying offense.").

The evidence before the Honorable Court clearly and convincingly shows that neither Marion County Case 2330 nor 2569 qualify as prior predicate convictions under the ACCA, since there is no pronouncement of guilt in 2330 and 2569 was broader than the Taylor definition of burglary. Absent either or these alleged prior predicate convictions, Cox could not have been sentenced to more than 120-months imprisonment.

Premises considered, the ACCA conviction and Cox's continued imprisonment constitute a complete miscarriage of justice warranting immediate habeas corpus relief.

**WHEREFORE PETITIONER PRAYS:**

A.  That a writ of habeas corpus issue forthwith to the Respondent named requiring him to show cause for further restraint of Petitioner's liberty;

B.  That the Honorable Court require the trial and post-conviction courts to relinquish to the Honorable Court the records of all proceedings had and

(23)

that the Honorable Court hear this case upon the original record; and

C.  That Petitioner be released from custody.


Executed under penalty of jerjury pursuant to 28 U.S.C. §1746

on this the _3rd_ day of _October_ , 2006.


_Raymond Cox_
Raymond Cox
P.O. Box 150160
Atlanta, GA 30315

(24)

ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE: RAYMOND COX,    ) No.
          Petitioner.  )
                       )

PETITIONER'S MEMORANDUM OF LAW
IN SUPPORT OF PETITION FOR HABEAS CORPUS RELIEF

This brief Memorandum will establish points and authorities controlling
the issues raised by Petitioner.

1.

Cox maintains that he was convicted in Marion County Case 2569 of a
crime that does not qualify as a generic burglary under the ACCA.  "Burglary"
under the ACCA was defined by Taylor v. United States, 495 U.S. 575 (1990),
as requiring two essential elements: forceful or unprivileged entry and entry
with intent to commit a crime. Id. at 599.  Thus, absent the statutory
inclusion of both of these essential elements a crime is broader than the
generic burglary definition and does not qualify under the ACCA.

Cox was charged with violating T.C.A. §39-14-402(a)(1), which statute
includes both essential elements.  However, Cox has shown that the judgement
does not reflect a conviction for that crime.  Indeed, the plea colloquy
transcript shows that Cox pled guilty to the crime and set forth by T.C.A.
§39-14-402(a)(3) which states that a person commits burglary who "without the
effective consent of the owner enters a building and commits or attempts to

FILED

NOV 1 3 2006

06 1948    NANCY MAYER WHITTINGTON, CLERK
           U.S. DISTRICT COURT

"commit a felony or theft." At first blush, one might make the mistake of reading the "without effective consent" language as implying unprivileged entry. But it is indeed a faulty reading, and T.C.A. §39-14-402(a)(3) includes neither of the two essential elements of generic burglary.

Put more succinctly, Subsection (1) uses the language "not open to the public" as a term of art to distinguish that crime from Subsection (3) on the question of unlawful or unprivilged entry. Subsection (3) does not require unprivileged entry and that crime can be committed in a building open to the public. Because the language "not open to the public" in Subsection (a)(1) distinguishes Subsection (a)(3) as buildings open to the public, the language "without effective consent of the owner" can only be interpreted to mean that it does not pertain to the act of entering "per se," but pertains to the act of entering and committing a crime therein. In other words, one may have effective consent of the owner to enter his business for lawful purposes-- implied by the very fact that his doors are open to the general public--but one does not have effective consent to enter and commit a crime. This logical conclusion is also born out by the obvious fact that Subsection (a)(3) is further distinguished from Subsection (a)(1) where (a)(3) also drops the essential element of "entry with intent." Meaning that, because the Legislature was dealing with burglaries of buildings open to the public, a conviction under (a)(3) does not require entry to be made "with intent to commit a crime therein."

A plain reading of T.C.A. §39-14-402(a)(3) unequivocally shows that it includes neither of the essential elements necessary to qualify as a generic burglary, and the Government has already conceded that Subsection (a)(3) is broader than Taylor's definition, maintaining instead that Cox was convicted

'of the crime charged simply because the judgement of conviction did not say Subsection (a)(3). But that conclusion just as well forcloses upon the Government's claim, because that same judgement of conviction fails to say Subsection (a)(1) either.

The only evidence on the judgement's failure to cite a subsection for the conviction is the guilty plea colloquy transcript. And since it proves the crime of conviction was Subsection (a)(3) the Government has gone to every length to keep that evidence out of the record and not under consideration.

While the Sixth Circuit made this unpublished statement: "for purposes of the ACCA, it does not matter--generic burglary does not require that the building be closed to the public,"[1] the Taylor Court has made clear that it is an affirmative defense to burglary where a building is open to the public at the time[2] and "unprivileged entry" "with intent to commit a crime" are both elements that must be found in the prior conviction statute for that conviction to qualify under the ACCA. Neither are present in the 2569 conviction. Taylor, itself, spoke directly to the issue posed by T.C.A. §39-14-402(a)(3) when it stated: "A few States' burglary statutes, however . . . define burglary more broadly, e.g., by eliminating the requirement that the entry be unlawful . . ." Id. at 600. Cox's conviction under T.C.A. §39-14-

---

[1] To place this statement into context, the Sixth Circuit was discussing T.C.A. §39-14-402(a)(1) allowing a conviction for entering "any portion" of a building not open to the public, referencing a remark by the Government at sentencing that the Government was prepared to show Cox entered an office not open to the public. Cox would have welcomed the Government's attempt had that very conduct not been precluded by Taylor.

[2] Citing American Law Institute, Model Penal Code §221.1 (1980) and stating Taylor's definition approximates the same. 494 U.S. 575, 599, n.8.

402(a)(3), by Taylor's own tacit admission, does not qualify.

While Taylor and Shepard preclude the Honorable Court from taking evidence that Cox entered an open laundramat to wash clothes and then stole a checkbook upon leaving, the factual basis for the crime contained in the guilty plea colloquy transcript is more than sufficient proof that Cox pled guilty to nothing more than entering an open business for lawful purposes and committing a theft therein. There is no mention, however, of any claim that Cox entered a business not open to him--nor a portion thereof--with intent to commit any crime.

As Taylor made clear, throughout the history of the ACCA enhancement provision, Congress focused its efforts on career offenders--those who commit a large number of fairly serious crimes as their means of livelihood, including burglars, but Congress has qualified its inclusion of burglaries as a predicate act by remarking: "Obviously, we would not consider, as prior convictions, what I would call misdemeaner burglaries, or your technical burglaries, or anything like that."

Cox submits that T.C.A. §39-14-402(a)(3)--the crime of conviction in Case 2569--is nothing more than a technical burglary because it doesn't require unlawful entry with intent to commit a crime.

2.

Cox also maintains that the Marion County 2330 Case has no judgement pronouncing a finding of guilt. One need look no further than the purported document itself to see that the "Is Found Guilty" designation is not completed. Without a pronouncement of a finding of guilt, the document cannot lawfully constitute a judgement of guilt under Tennessee law because there is no adjudication.

(4)

Morever, Cox would show that the case was brought by a Criminal Information and no waiver was ever obtained from Cox to be bound by its use.

Tennessee Rules of Criminal Procedure (T.R.Cr.P.), 7, Committee Comment-Rule 7 provides to wit:

> "The criminal information has been used in State cases under the provisions of T.C.A. §§40-301 etseq., but because the Constitution of Tennessee, Art.1, Sec.14, provides that no person shall be put to answer any criminal charge but by presentment, indictment or impeachment, **its use is limited to those cases in which there is an agreement by the defendant to be bound by its use.**" (emphasis in bold added).

See also, Howard v. State, 143 Tenn. 539, 227 S.W. 36 (1920), where the Court held:

> "The use of criminal informations . . . was not a part of the common law of North Carolina, at the time of the cession by that state of the territory subsequently embraced in the state of Tennessee, but, on the contrary, its use as a method of criminal prosecution was prohibited in North Carolina, so that it is not now permissible in Tennessee, for want of constitutional or statutory authorization."

It is beyond dispute that what constitutes a prior conviction for purposes of 18 U.S.C. §922(g)(1) is determined by the law of the state in which the conviction is allegedly sustained. Where no waiver ("agreement") was obtained from Cox to be bound by the use of the Information brought in Case 2330, the document the Government claims to be a judgement is void ab initio as violative of Article 1, Section 14 of the Tennessee Constitution.

For these reasons, Case 2330 cannot constitute a basis upon which the United States can assert that Cox was convicted.

Cox raised these claims in his initial §2255 Motion but the district court silently refused to address either claim and made absolutely no mention of the same in its Memorandum Opinion of May 3, 2002.

Cox reiterated these claims in his August 8, 2005 Rule 60(b) Motion under the auspices of <u>Gonzales v. Crosby</u>, No. 04-6432 (June 23, 2005) (Rule 60(b) motion can be used to reassert a claim not decided on the merits in a first §2255 motion), and the district court once again refuses its duty to rectify the miscarriage of justice by ruling on the merits of these claims.

Finally, Cox would show that defense counsel was called upon to defend him against the claim that Case 2330 was a prior predicate conviction for purposes of the ACCA and counsel stated to the sentencing court:

> "It's our contention that he, in reality, has one,
> Judge. We have only raised an argument to one. We're
> conceding, for the purposes of today, that he has two.
> In reality, the one we are conceding is when he went
> into another laundramat and broke into a vending machine.
> The laundramat in question was open 24 hours a day, 7 days
> a week. We have not objected to that because we feel like
> that like the categorical approach of <u>Taylor v. United States</u>
> prevents us from objecting to that because he pled guilty to
> a bill of information; and the bill of information,
> unfortunately, states that he entered a premises not open to
> the public. A factual inquiry into that would show that
> was not true, but we agree that under the relevant case law
> we cannot look behind the guilty plea in that case."

Sentencing Transcript at 3-4.

Notwithstanding the facts that Case 2330 lacked a pronouncement of a finding of guilt and the record was barren of any waiver from Cox to be bound by the bill of information, counsel went against Cox's express demands not to do so and claimed that "we concede" for the reason immediately aforementioned. Counsel never investigated any plea colloquy between himself and a judge to verify that Cox admitted entering a closed business to break into a vending machine, despite admitting that in reality Cox entered an open business and stole from a vending machine.

While expressly preserving the claim that Case 2330 did not result in a

(6)

conviction under Tennessee law for the reasons previously asserted, Cox will show that he was not precluded by Taylor from entering evidence that he never admitted entering a closed business as charged in the information. Just as with the case in 2569, counsel refused to investigate any judicial records concerning any factual basis for an alleged guilty plea in Case 2330.

The Taylor Court expressly held that States define burglary more broadly than its generic burglary definition when they include places "such as automobiles and vending machines." 495 U.S. at 599.

Had counsel rendered effective representation and obtained the judicial records concerning Cox's admissions regarding the factual basis of Case 2330, the evidence would prove Cox never admitted to any elements qualifying under Taylor's generic burglary definition.

The Sixth Circuit refused to review the question whether Case 2330 qualified, stating: "Cox concedes that this conviction was a predicate offense under the ACCA." U.S. v. Cox, No. 97-6120, 6th Cir. May 26, 1999 (Unpublished).

While Cox has never conceded any such thing--counsel did so against Cox's wishes--the record shows that Cox raised the claim in his initial §2255 motion that counsel rendered ineffective representation by failing to investigate and obtain the records in Case 2330 necessary to prove Cox never admitted the elements of a generic burglary. As with the other two claims that 2330 did not qualify as a conviction for purposes of the ACCA, the district court nowhere addressed the merits of the claims in its May 3, 2002 Memorandum Opinion.

(7)

3.

As a matter of law, there is no statutory or constitutional right to disposition of a motion under §2255 or Rule 60(b) within a specific time. See, eg., <u>United States v. Samples</u>, 897 F.2d 193 (5th Cir. 1990). Cox, therefor, lacks any enforcement mechanism to force the district court to rule on his August 8, 2005 Rule 60(b) motion. However, the essential function of habeas corpus is to give a prisoner a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence. See, e.g., <u>IN RE: Davenport</u>, 147 F.3d 605 (7th Cir. 1998).

Whereas Cox has shown by clear and convincing evidence that he is actually innocent of the ACCA conviction, and has shown that the conviction was unlawfully obtained based on total falsehoods; and whereas Cox has demonstrably shown that the district court rendering the judgement has shirked its duty to consider the evidence and rule on the merits in accordance with the law, Cox argues that the Honorable Court is within its duty to rule on the claims sub judice and set Cox free from his unlawful imprisonment.

Respectfully submitted,

Raymond Cox
P.O. Box 150160
Atlanta, GA 30315

06-1948
HHK

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

Raymond Cox

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88866
(EXCEPT IN U.S. PLAINTIFF CASES)

#15494-074

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Pro Se (PR)

## DEFENDANTS

Alberto Gonzalez

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

CASE NUMBER: 1:06CV01948

JUDGE: Henry H. Kennedy

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 11/13/2006

## II. BASIS OF JURISDICTION

(PLACE AN X IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)

☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust

☐ 410 Antitrust

### ☐ B. Personal Injury/ Malpractice

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff))
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ **G. Habeas Corpus/ 2255** | ☐ **H. Employment Discrimination** | ☐ **I. FOIA/PRIVACY ACT** | ☐ **J. Student Loan** |
|---|---|---|---|
| ☒ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ **K. Labor/ERISA (non-employment)** | ☐ **L. Other Civil Rights (non-employment)** | ☐ **M. Contract** | ☐ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

_28 USC 2241  H.C._

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 | **DEMAND $** | Check YES only if demanded in complaint<br>**JURY DEMAND:** ☐ YES    ☐ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    ☐ YES  ☒ NO    If yes, please complete related case form.

DATE _11.13.06_    SIGNATURE OF ATTORNEY OF RECORD _NCD_

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd