ORIGINAL

FILED
NOV 1 3 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE: RAYMOND COX,           ) No.
      Petitioner/Movant.      )
      vs                      )
      ALBERTO GONZALEZ        )

CASE NUMBER 1:06CV01948

JUDGE: Henry H. Kennedy

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 11/13/2006

## MOTION TO HAVE PETITION HEARD ON THE ORIGINAL RECORD

NOW COMES Raymond Cox in propria persona and moves the Honorable Court to order Respondent, Alberto Gonzales, or the appropriate clerks of the United States District Court, Eastern District of Tennessee, Chattanooga Division, to submit the complete record, including but not limited to, the proceedings had upon Petitioner's 28 U.S.C. §2255 Motion, to this Honorable Court for purposes of hearing the petition sub judice.

As grounds therefor, Movant would show:

Cox is a prisoner of the Federal Bureau of Prisons and the BOP is undergoing mass transfers of inmates from institution to institution. Cox has been designated to two separate institutions in the last year alone, and has twice been forced to relinquish possession of excessive legal materials that include records necessary to the prosecution of the petition sub judice.

BOP policy does not permit non-legal entities to mail back into the institution the legal effects previously relinquished. This leaves Petitioner in the position of having to attempt to purchase replacement copies of literally thousands of pages of court records relevant to all former proceedings in his case.

Cox wrote to the clerk of the district court aforementioned several weeks ago requesting a cost statement for the purchase of a copy of the May 3, 2002 Memorandum Opinion denying his 28 U.S.C. §2255 Motion--a most critical document--and, notwithstanding the fact that he enclosed a self-addressed stamped envelope, cannot even get a reply. Even if the clerk was to reply, Cox would then have to request his custodian to approve and release funds from his account to purchase the same; a process that takes 4-6 weeks in each instance.

Whereas Movant cannot begin to afford the costs of duplicating all necessary records and would remain wrongfully imprisoned for additional time trying to compel the clerk's compliance with each and all of Movant's requests for records, Movant moves for waiver of his obligation to submit records of evidentiary value supporting the petition sub judice and prays the Honorable Court require the original record be provided by the Government actors holding the same.

Respectfully submitted,

Raymond Cox
P.O. Box 150160
Atlanta, Georgia 30315

(2)