UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In re RAYMOND COX,              )   Case No. 1:06CV01948
     Petitioner.              )   Judge H. Kennedy
                                    )   ON PETITION FOR HABEAS
                                    )   CORPUS

PETITIONER'S
AMENDMENT TO EMERGENCY PETITION
FOR WRIT OF HABEAS CORPUS

NOW COMES Raymond Cox in propria persona and provides as a matter of right this Amendment to his petition for emergency issuance of a writ of habeas corpus.

The following facts, arguments and Exhibit A are supplementary to Sections IV and V of the original petition and the memorandum of law in support, generally.

RECEIVED
NOV 30 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1.

Based on the distinct possibility that the government will attempt to argue that Cox's 2569 conviction qualifies under 18 U.S.C. § 924(e)(2)(B)(ii)'s "otherwise" clause, Mr. Cox

would show the Honorable Court that the government should be collaterally estopped from making that argument in the first place, since the record unequivocally shows that the government voluntarily waived an oppurtunity to make that argument before judgment was rendered. Moreover, the government also waived an oppurtunity to brief that claim during direct appellate review. Cox maintains that it is well-settled law that defendants cannot raise issues on appeal that were not preserved in the trial court unless he can satisfy the burdensome plain error test[1]. It is also settled law that a defendant abandons all issues not raised and argued in initial brief on appeal[2], and that listing a claim on review without briefing it does not preserve it[3]. And finally, that a defendant's failure to bring an issue on direct appeal bars raising it in post-conviction proceedings[4].

    Cox posits that it would seem a denial of due process of the most basic sort to hold a defendant to such strict standards of preservation while not holding the government to the same burden.

    Nonetheless, Cox argues that any attempt to have his 2569 conviction analyzed under the "otherwise" clause is futile for a myriad of reasons.

---

1. See, e.g., Snyder v. Sumner, 960 F.2d 1448 (9th Cir. 1992).
2. See, e.g., United States v. Bullock, 71 F.3d 171 (5th Cir. 1995).
3. See, e.g., Terry v. Reno, 102 F.3d 1412 (D.C. 1996).
4. See, e.g., Kaufman v. United States, 394 U.S. 217, 22 L.Ed.2d 227, 89 S.Ct.1068

Analysis relating to Cox's conviction has to be pursuant to the burglary element of the statute and the guiding principles in <u>Taylor</u>, because his conviction in 2569 was for burglary. Whereas the 2569 conviction was for an enumerated crime, analyzing the conviction under the "otherwise involves" catch-all would render the language "is burglary" surplusage. It is settled law that all words in a statute are assigned meaning and nothing therein is to be construed as surplusage. <u>See, e.g.</u>, <u>Qi-zhuo v. Meisner</u>, 70 F.3d 136 (D.C. Cir. 1995).

To be sure, Cox avers that <u>Taylor's</u> definition of generic burglary is controlling upon every crime of burglary analyzed under the ACCA regardless of how it is defined by state law, and any crime of burglary not containing the statutory elements enunciated in <u>Taylor's</u> definition is excluded as not qualifying as a violent felony under the ACCA. It is axiomatic, then, that any burglary not qualifying under the "is burglary" language for failure to constitute a violent felony cannot then qualify under the catch-all which poses the very same question disposed of by exclusion under the burglary element.

As a matter of both common sense and strict judicial scrutiny the inescapable conclusions aforementioned eviscerate any claim by the government that a class of burglaries **lesser** than that defined by <u>Taylor</u> can qualify under the § 924(e)(2)(B)(ii) catch-all.

Nonetheless, Cox maintains that a brief review of the legislative history of the statute unequivocally shows that

-3-

his 2569 conviction for burglary under T.C.A. § 39-14-402 (a)(3) cannot qualify under the catch-all, irrespective of Cox's preceding arguments.

Two days after § 924(e) was enacted -- and several months before it became effective -- Congress began to consider expanding the list of predicate offenses that could trigger it. See Armed Career Criminal Legislation; Hearing on H.R. 4639 and H.R. 4768 before the Subcomm. on Crime of the House Comm. on the Judiciary, 99th Cong. 2d Sess. 44 (May 21, 1986) (hereinafter Hearing). At the ensuing hearings, there was a general concensus that the specific predicate offenses of "robbery" and "burglary", together with their respective definitions, should be replaced with the more general terms "serious drug offense" and "violent felony." See H.R. Rep. No. 849, 99th Cong., 2d Sess. 3 (1986). There was considerable disagreement, though, about how to define the term "violent felony."

One proposed amendment, introduced by Representative Wyden of Oregon, favored a broad definition which would include crimes against both person and property:

> (A) an offense that has as an element the use, attempted use, or threatened use of physical force against the person **or property** of another; or
>
> (B) any felony which, by its nature, involves a substantial risk that physical force against the person **or property** of another may be used in

-4-

the course of committing the offense.

H.R. 4639, 99th Cong., 2d Sess (1986) (emphasis added). This proposal drew a flurry of criticism, for the inclusion of property crimes was thought to be an unwarranted extension of federal criminal jurisdiction encroaching upon state sovereignty and overloading the federal prison system. See, e.g., Hearing at 11 (statement of Hughes).

A second proposal, introduced by Representatives Hughes and McCollum, would have defined the term "violent felony" much more narrowly as "any State or Federal felony that has **as an element** the use, attempted use, or threatened use of physical force against the **person** of another." H.R. 4768, 99th Cong., 2d Sess. (1986) (emphasis added). This definition would have excluded burglary as a predicate offense, because the actual or threatened use of force against the person is not an element of that offense. See Hearing at 26 (statement of Hughes) (indicating that the exclusion of burglary was deliberate).

The Hughes/McCollum proposal was roundly criticized for its failure to include burglary and other violent crimes against property which, though they did not have the actual or threatened use of force against the person as an element, nonetheless posed a severe inherent danger to human life. See, e.g., Hearing at 9 (statement of Wyden); id. at 23-24 (statement of James Knapp, Deputy Ass't Attorney General, Crim. Div., U.S. Dept. of Justice).

The amendment that was ultimately passed, and now appears as 18 U.S.C. § 924(e)(2)(B), was a compromise of sorts. It defines the term "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year that
> (i) has as an **element** the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another.**

Public L. No. 99-570, 100 Stat. 3207 (1986) (emphasis added). The § 924(e)(2)(B)(ii) catch-all, which permits ~~certain~~ crimes to serve as the basis for sentence enhancement, was designed to satisfy the proponents of H.R. 4639, while the limitation of that provision to crimes which present a serious risk of injury to the **person** was a concession to those favoring H.R. 4768.

Though the amended statute lists burglary as a predicate offense, U.S. Ass't Atty. Gen. Knapp pointed out that the justification for retaining burglary was because "your typical career criminal is most likely to be a burglar" and that "even though injury is not an element of the offense, it is a potentially very dangerous offense, because when you take your very typical residential burglary or even your professional commercial burglary,

there is a very serious danger to people who might be inadvertantly found on the premises." Taylor 495 U.S. at 618-19 (citing testimony of Mr. Knapp). The Taylor Court, however, pointed out that Mr. Knapp qualified his remarks by saying: "**Obviously, we would not consider, as prior convictions, what I would call misdemeanor burglaries, or your technical burglaries, or anything like that.**" Ibid. (emphasis added)

As Taylor candidly admits, not all burglaries qualify. Only those containing the basic elements of unlawful or unprivileged entry into, or remaining in a building or structure with intent to commit a crime therein would qualify under the "is burglary" provision; expressly stating that its definition approximates that adopted in the Model Penal Code, 495 U.S. n.8, which excludes all crimes of burglary where the premises are at the time open to the public. American Law Institute, Model Penal Code § 221.1 (1980). Burglaries not containing the two requisite elements are merely technical burglaries broader than the "is burglarly" provision because they do not involve conduct that presents a serious potential risk of physical injury to another.

The catch-all provision in § 924(e)(2)(B)(ii) is, in context, ambiguous[5]. It could be read to refer, as did H.R. 4639, only to

---

5. Where there is ambiguity in a criminal statute, doubts are resolved in favor of defendant. United States v. Bass, 404 U.S. 336, 92 S.Ct. 515 (1971); Bifulio v. United States, 447 U.S. 381, 65 L.Ed.2d 205, 100 S.Ct. 2247 (1980); United States v. Vaultier, 144 F.3d 756 (11th Cir. 1998).

-7-

offenses which **by their very nature** pose a risk of injury to another. Since the specifically enumerated crimes that precede the catch-all language are all offenses which by their very nature obviously pose an inherent risk of injury to the person, this interpretation may be the most plausible. On this view, the offense of T.C.A. § 39-14-402 (a)(3) at issue here could not fairly be called a "violent felony" because the <u>Taylor</u> Court's analysis has excluded this type of technical burglary since, by its very nature, it does not necessarily pose a serious risk of injury to another.

Whereas T.C.A. § 39-14-402 (a)(3), the crime of conviction here, permits conviction for entering a building open to the public and committing theft, and does not require entry to be made **with intent** to commit a crime, it lacks the inherent risk of injury to another that is found in burglaries involving unlawful entry with intent to commit a crime.

In a recent case before the Eleventh Circuit, U.S. Court of Appeals, a three-judge panel misinterpreted a statement made by the Court in <u>Taylor</u> at note 9 and used it in such a way to circumvent the fact that all crimes of "burglary" must be analyzed under the "is burglary" prong of the statutory test under the ACCA to avoid the alternative prong rendering

---

6. <u>United States v. Matthews</u>, No. 05-13447 (Oct. 12, 2006).

the "is burglary" language surplusage. While the Taylor Court did state -- albeit, in dictum -- that "The Government remains free to argue that any offense – including offenses **similar** to generic burglary – should count towards enhancement..." under the otherwise clause; Taylor, 495 U.S. at 600 n.9, 110 S.Ct. at 2159 n.9, that statement in no wise forecloses upon a claim that, where the crime at issue **is "burglary"**, it must be analyzed under the "is burglary" prong. Nor does it permit the inferior courts to include as "offenses similar to generic burglary" actual crimes of burglary not containing the requisite generic burglary elements.

The correct interpretation is that the "similar to generic burglary" statement permits enhancement under the "otherwise" prong for crimes having elements similar to generic burglary though labeled as other than burglary, or even other crimes such as attempted burglary or conspiracy to commit burglary, which have elements substantially similar to generic burglary.

To be certain that this interpretation is the only plausible one, Cox points out that the whole Taylor case, itself, would have been unnecessary if actual crimes defined as "burglary" could have been analyzed under the alternative prong.

In summation, the Taylor Court made clear that **actual** burglary crimes must contain the two-requisite elements enunciated or they simply do not constitute violent felonies and are excluded categorically from further analysis. If any

and all crimes of burglary could be analyzed under the ambiguous alternative prong of § 924(e)(2)(B)(ii), the Court could, and most likely would have spared the judicial resources it expended it creating the "categorical approach" and defining "generic burglary" and simply disposed of <u>Taylor</u> with the statement that, notwithstanding the statutory definition of the prior conviction the courts need only to find that any prior conviction "involve[d] conduct that presents a serious potential risk of physical injury to another" under § 924(e)(2)(B)(ii), and need not analyze burglary convictions under the "is burglary" prong. That is not what <u>Taylor</u> did.

Quite clearly, if Congress intended § 924(e)(2)(B)(ii) to be so broad in reach as to include even technical burglaries, it would not have enumerated burglary in a wholly separate clause, and <u>Taylor</u> would not have had to discern which burglaries Congress intended to include or exclude.

## II

Cox has previously shown that the 2569 judgment pronounces him guilty only of the crime of T.C.A. § 39-14-402, thereby failing entirely to specify whether the actual conviction was for subsection (a)(1); (a)(2); (a)(3); or (a)(4).

The burden was on the Government to establish that Cox was convicted of a specific subsection that contained the two-basic essential elements enunciated by <u>Taylor</u>. Rather

-10-

than even offer any proof of conviction of a particular subsection -- let alone one that qualified under <u>Taylor</u> -- the government, when called upon to offer proof, Sent. Transcrip at 6, first claimed to have in attendance a Mr. Sam Moore, "the gentleman who owned the business in question," <u>Id.</u> at 7, and then began reciting an indictment that charged Cox with entering a " business building of **Mike Castle... not open to the public.**" <u>Ibid.</u> (emphasis added).

Ignoring the obvious fact that the indictment identified as the owner someone other than Mr. Moore, the government continued to obfuscate matters by next claiming that the judgment " indicates ... the defendant was found guilty by the court of the offense **as charged in the indictment.**" <u>Id.</u> at 8 (emphasis added).

Despite the fact that the judgment unequivocally did not contain any such indication and the indictment wrongly identified Mike Castle as the owner of the building -- <u>see</u> statement of Mr. Laymon at 8 (" we do have the real owner of that property here ")-- the government went to great lengths to draw attention away from the fact that the judgment did not in fact pronounce Cox guilty of violating any specific subsection of T.C.A. § 39-14-402, because as the government later admits : " **... you can't simply look to 39-14-402, the Tennessee statute, to decide this question, because it contains a non-generic burglary. So simply by resorting to the statute, we would not know which burglary this**

-11-

defendant had pled guilty to." Id. at 10.

The government was thus trying to circumvent Taylor's categorical approach by swaying the court, with Mr. Moore's presence and claims he could testify, to purported underlying facts, to overlook the judgment's failure to pronounce Cox guilty of violating a generic burglary statute.

Defense counsel quickly pointed out to the court that the government's claim that the judgment indicated Cox was found guilty "as charged in the indictment" was not true, id. at 12-13, and reiterated the fact that it is the government's burden to prove Cox pled to and was found guilty of a particular subsection, ibid., and the fact that "the government has not proven and cannot prove that we pled guilty to any particular subsection of 402." Ibid.

Cox would show that the record was barren of any proof that he pled to or was found guilty of any subsection of T.C.A. § 39-14-402. However, defense counsel had previously filed with the court an affidavit of Mr. Sam Moore, see Exhibit A, attached hereto, that proves the 2569 indictment was riddled with incorrect allegations concerning the identity of the owner and whether the building was open to the public at the time of the crime. The record shows that the court made no mention of this evidence since it absolutely undermines the government's efforts of obfuscation on the question of the judgment's failure to specify

-12-

a conviction for a particular generic subsection.

Cox submits his Exhibit A herein as evidence, not of underlying facts of the crime, but on the question whether it was appropriate for the court to make the finding:

> "And although the judgment in the case does not specifically elaborate on exactly what the defendant was convicted of, it does have the same case number as the indictment, and the block for "Indictment" is checked off. So I think there is at least more than a reasonable inference that what the defendant was charged with in the indictment is the same offense for which he was convicted."

Sent. Transcript at 16, when the only evidence before the court on the judgment's failure to elaborate a subsection strongly demonstrates that there was more than a reasonable inference that the defendant did not plead to nor was found guilty of entering a business closed to the public as the indictment charged.

III

Finally, Cox raises the claim that the 2569 Judgment is unconstitutionally vague and violative of his rights under Federal law.

In so much as T.C.A. § 39-14-402 provides for (4) four separate and distinct crimes that carry varying degrees of societal stigma and punishment according to which of the four crimes is the crime of conviction, Cox maintains that his 2569 Judgment, which fails on its face to specify a specific crime of conviction, is unconstitutionally vague and is an unreliable basis for enhancement under Federal law.

Though under Tennessee Law each of the four distinct crimes under T.C.A. § 39-14-402 are classified as Class D felonies punishable by the same imprisonment, they each provide for different degrees of societal stigma. The 2569 Judgment fails to state with certainty the crime of conviction and leaves Cox to suffer stigma greater than that carried by his actual crime. Whereas the Judgment is considered lawfully sound under Tennessee Law, it is Cox's position that the laws of Tennessee respecting Judgments of this nature are violative of the Fourteenth Amendment to the Constitution.

Moreover, the 2569 Judgment is unconstitutionally vague for failure to specify with certainty the actual crime of conviction, where two of the distinct crimes under T.C.A. § 39-14-402 provide a basis for sentence enhancement up to life-imprisonment and the remaining two do not. The Judgment, thus, is not a reliable basis under the

-14-

Due Process Clause upon which enhancement may be lawfully pursued.

Executed per 28 U.S.C. § 1746 on this the 3rd day of November, 2006.

*Raymond Cox* (signature)
Raymond Cox  "In propria persona"
PO Box 150160
Atlanta, GA 30315

EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
At Chattanooga

UNITED STATES OF AMERICA,

    Plaintiff

v.

                                No. 1:96-cr-82
                                ____ Judge Collier

RAYMOND HARDIE COX,

    Defendant

### AFFIDAVIT

The business building alluded to in Count One of the grand jury Indictment of Raymond Hardy Cox on 27 November 1991, was actually owned by me at that time and not by Mike Castle as stated in the Indictment.

Furthermore, to the best of my recollection, the establishment was open twenty-four (24) hours a day during the period of 27 November 1991.

                                                      Sam Moore
                                                      SAM MOORE

                                                      7-31-97
                                                      DATE

STATE OF TENNESSEE:
COUNTY OF HAMILTON:

Sworn to and subscribed before me this the _31_ day of _July_, 19_97_.

_Brian D. Dawley_
Notary Public

My Commission Expires: _7 Sep 97_

1