UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAYMOND COX,

    Petitioner,

v.

ALBERTO R. GONZALES,

    Respondent.

Civil Action 06-1948 (HHK)

**MEMORANDUM OPINION**

This action is before the Court on its initial review of petitioner's *pro se* application for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. Petitioner is a federal prisoner currently incarcerated at the United States Penitentiary in Atlanta, Georgia. He challenges his conviction and sentence resulting from his plea of guilty in the United States District Court for the Eastern District of Tennessee.

Upon its initial review of an application for a writ of *habeas corpus*, the Court is obligated to award the writ or to order the proper respondent to show cause why the writ should not be granted, "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Because petitioner's claims must be brought by a motion to vacate sentence under 28 U.S.C. § 2255, he is not entitled to the writ.

Title 28 U.S.C. § 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral

attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. . . . An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [28 U.S.C. § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.  The Eastern District of Tennessee is the only court authorized to entertain petitioner's motion.  *See Taylor v. United States Board of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (a challenge to the constitutionality of the statute under which defendant was convicted and sentenced is properly pursued by motion under 28 U.S.C. § 2255); *Ojo v. Immigration & Naturalization Service*, 106 F.3d 680, 683 (5th Cir. 1997) (the sentencing court is the only court with jurisdiction to hear defendant's complaint regarding errors that occurred before or during sentencing).

   Petitioner has unsuccessfully sought § 2255 relief in the sentencing court.  *See* Petition at 3.  The fact that he was denied relief in that court, however, does not translate into an inadequate or ineffective remedy.  *See, e.g., Charles v. Chandler*, 180 F.3d 753, 756-58 (6th Cir. 1999) (citing cases); accord *Westine v. Sawyer*, 48 Fed. Appx. 794 (D.C. Cir. Oct 16, 2002).  In addition, because petitioner has already had one § 2255 motion entertained, he must seek certification in the United States Court of Appeals for the Sixth Circuit to file a successive motion.  *See* 28 U.S.C. § 2255 (requiring successive motions to be certified pursuant to § 2244 by "a panel of the appropriate court of appeals").  Therefore, this Court, acting *sua sponte*, will dismiss the case for lack of jurisdiction.  A separate Order accompanies this Memorandum Opinion.

_____s/_____
HENRY H. KENNEDY, Jr.
United States District Judge

DATE: December 18, 2006