UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAYMOND COX, )
    Petitioner, )
     )  Civil No. 06-1948 (HHK)
v. )
     )
ALBERTO GONZALES, )
    Respondent. )

RECEIVED
JAN 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PETITIONER'S
MOTION FOR RECONSIDERATION OF FINAL ORDER
AND FOR
AMENDED MEMORANDUM OPINION

COMES NOW Raymond Cox and moves for reconsideration of the Final Order of December 18, 2006[1] denying Petitioner's application for Writ of Habeas Corpus, and further moves for an amended Memorandum Opinion that addresses for purposes of the record on appeal the issues of law set out hereinbelow.

    As grounds therefor, Petitioner shows:

1. The Order and Memorandum Opinion accompanying thereto are unsigned and appear null and void in law for that reason.

1. Petitioner ("Cox hereafter) received the unsigned Order and Memorandum Opinion of December 18, 2006 at 5:00 PM on December 22, 2006. Due to the time limits imposed by relevant rules governing motions for reconsideration of final orders in civil proceedings and the fact of the Christmas Holidays' effect upon Cox's ability to access the prison library and any photocopying equipment, Cox is unable to comply with copy requirement and service rules and still meet filing deadline for the instant motion.

2. Cox takes issue with the Honorable Courts' Opinion, in so much as the Court has erroneously read Title 28 U.S.C. § 2255 in a manner that omits the following statutory language: "... **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.**"

   While the Memorandum Opinion recites the entire paragraph in question, both the Court's conclusions of law and cited authorities fail to take under consideration the fact that Cox verily averred on the face of his petition facts that unequivocally satisfy the "unless it also appears that the remedy by motion is inadequate or ineffective" test. Particularly, Cox argues that, while the Court is correct that he has previously been

denied § 2255 relief in the sentencing court (Opinion at ¶ 4, p. 2), his petition asserts that § 2255 relief on the "actual innocense" issue before this Habeas Corpus Court was denied in the sentencing court upon a faulty procedural ruling that Cox attacked through a Rule 60(b) Motion filed August 8, 2005 in the § 2255 court. Cox's petition further asserts that, though he is unequivocally entitled to the relief sought in that action, the § 2255 court has failed for (17) seventeen months to rule on the motion in question and Cox lacks any right in law to compel action by the § 2255 court within any time frame.[2] Petition at 3.

Thus, Cox argues that, notwithstanding the fact that he is entitled as a matter of settled law to not only _have_ the initial final § 2255 Judgment vacated but to prevail on the merits of the § 2255 Motion itself, the § 2255 court will take no action in either regard, and the remedy by motion, because it lacks any mandatory disposition provision that would or will compel the § 2255 court to act accordingly, renders the remedy both inadequate and ineffective under

---

2. See, e.g., United States v. Samples, 897 F.2d 193 (5th Cir. 1990)

the particular circumstances of Cox's case.

The Court's Opinion fails to address these distinguishing circumstances in light of the statutory "unless it also appears..." exceptions and Cox requests a finding for purposes of appeal.

3. Next, Cox takes issue with the Honorable Court's conclusions respecting the issue of whether Cox is required to pursue certification and proceed via "successive" § 2255 motion.

Much the same as with the argument immediately aforementioned, Cox's petition verily avers that the initial § 2255 court will take no action to rule on his Rule 60(b) Motion to vacate its unlawful judgment with regard to Cox's "ineffective assistance of counsel" claims. Petition at 17.

Moreover, Cox has averred that one other issue underlying his "actual innocense" claim **sub judice** was presented in his initial § 2255 Motion and that the § 2255 court never ruled on the merits of the claim. Petition at 6.

Thus, and as Cox has already correctly maintained, Petition at 17, he is entitled as a matter of settled law not only to have the § 2255 judgment vacated through his Rule 60(b) Motion but to prevail on the initial § 2255 Motion itself.

Whereas Cox is entitled as a matter of settled law to prevail on his Rule 60(b) Motion and have the initial §2255 judgment denying the "ineffective assistance" claims vacated, and yet lacks any statutory or constitutional right under §2255 to compel the §2255 court to act accordingly within any specific time, and whereas the "ineffective assistance" claims are not reviewable on a successive action, the §2255 remedy is inadequate and ineffective under the particular circumstances of Cox's case to test the legality of his detention.

Nor does §2255 provide Cox a statutory right to disposition on the claims the §2255 court failed to decide on the merits in its judgment.

The Honorable Court's Opinion fails to address these distinguishing circumstances in light of the "unless it also appears..." exceptions and Cox requests a finding for purposes of appeal.

4. Finally, Cox takes issue with the Honorable Court's conclusion, based on its static, narrow, formalistic reading of §2255 that renders the effectiveness of 28 U.S.C. §2241 lost in a procedural morass, that the Court lacks jurisdiction. Opinion at 2.

Cox argues that in order that the privilege of the

writ not be impaired, the Supreme Court -- not Congress -- has allegedly emphasized its scope and adaptability that "**it be administered with the initiative and flexability essential to insure that miscarriages of justice within its reach are surfaced and corrected.**" Harris v. Nelson, 394 U.S. 286, 291 (1969). (emphasis added)

    The Honorable Court has apparently read § 2255 so as to find that a § 2255 courts' lawless handling of claims of injustice of a constitutional magnitude cannot render the remedy by motion inadequate or ineffective to test the legality of one's detention. Cox maintains that finding is clearly erroneous in the face of both Article 3 and a hundred or more years of habeas jurisprudence as interpreted by the Supreme Court.

    The Honorable Court's "lack of jurisdiction" finding, whether erroneous or not, represents an unconstitutional suspension or abrogation of Article 1, Sec. 9, Cl. 2 of the Constitution and, where Cox has demonstrated a clear and convincing case of "actual innocense" that the § 2255 court has lawlessly ignored simply because § 2255 lacks a mandatory disposition provision and the initiative and flexability inherent in § 2241, a travesty of justice unconscionable to the duty imposed by Article 3.

-6-

Executed on this the 23rd day of December, 2006.

Respectfully submitted,

*Raymond Cox* (signature)
Raymond Cox
P.O. Box 150160
Atlanta, GA 30315